# DAVID MIDGLEY & SONS, Plffs.,

*v.*

# J. MENENDEZ & COMPANY ET AL., Dfts.

Mayaguez, No. 22.

A motion to dismiss, based upon the ground that the case involves substantially the same facts as another case between different parties, already dismissed, will not be granted if it appears on the face of the record that a different case might be made on the trial.

Opinion filed January 3, 1908.

*Messrs. Horton & Cornwell,* solicitors for plaintiffs.

*Mr. Francis H. Dexter,* solicitor for defendants.

Midgley & Sons v. Mendenez & Co.

RODEY, Judge, delivered the following opinion:

In this cause on the 14th day of December, 1907, when the court was at Mayaguez, F. H. Dexter, Esq., counsel for defendants, moved the court to cause it to be set down for trial, or, on the failure of counsel for plaintiffs to express a willingness to have that done, that it be dismissed, on the ground that, under the court's holding in the recent case of Will v. Tornabells, 2 Porto Rico Fed. Rep. 165, it would, in any event, be dismissed by the court if the proofs should turn out to be substantially the same as in that case, which he alleges is the fact. Counsel for plaintiffs, Messrs. Horton & Cornwell, opposed the setting of the case for trial, and stated that they believed the proofs would be somewhat the same as in the case referred to, and moved the court to let it remain in abeyance until the determination of the other cause in the Supreme Court of the United States.

We caused the papers herein to be sent to San Juan with a view to determining whether or not we ought, in justice to the parties, to allow the case to remain in abeyance, as requested, or to order it to trial. We have now made that inspection and are of opinion that there is nothing in the case at bar that makes it manifest, on an open inspection of the record, that it would, of necessity, have to be dismissed on trial, nor is there anything in or about the cause—which is a creditors' bill against the defendants with a view to making them account for the proceeds of a lot of personal property only—that resembles the Will-Tornabells Case, and therefore we can see no reason why it should not be set down for trial; and, if it shall transpire that plaintiffs cannot establish a prima facie case, then will be time sufficient to act on the motion of respondents to dismiss.

The cause will therefore be set down to be tried at Mayaguez the first time the court is there trying cases during the months of January or February, 1908, and it is so ordered.